# United States District Court
# District of South Carolina

| | | |
|---|---|---|
| Michael Dan Ashworth,  #200507720; | ) | C/A No. 4:06-1245-CMC-TER |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Sheriff David Crenshaw, Anderson County Sheriff's Dept., | ) | |
| Warrants Division; Joey Preston;N.B. Brad McGuire; | ) | |
| Magistrate Michael Smith; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Michael Ashworth (hereinafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief under Title 42 United States Code §1983. Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is a pre-trial detainee in custody of the Anderson County Detention Center.  The Complaint alleges that Plaintiff was arrested on November 30, 2005.  Initially, he was arrested for probation violations by United States Marshals.  In July 2005, Plaintiff was sentenced by this Court to three years' probation with other terms and conditions upon a guilty plea to 18 U.S.C. § 472.  See  United States v. Ashworth, 8:05-0118-HMH (D.S.C. 2005).  In September 2005, an arrest warrant was issued for violation of the probation terms.

Plaintiff states that he was also arrested by South Carolina law enforcement officers executing arrest warrants alleging narcotics violations.  Plaintiff attaches copies of the warrants

1

issued by Anderson County Magistrate Michael Smith.  Plaintiff asks this Court to investigate the charges, "exonerate" him and award monetary damages for his pre-trial detention.  From Plaintiff's exhibits it appears that the charges are still pending in Anderson County.

### *Pro Se* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980);  Estelle v. Gamble, 429 U.S. 97 (1976);  Haines v. Kerner, 404 U.S. 519 (1972);  Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978);  Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Hughes v. Rowe, supra.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

United States District Courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances.  See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971).   Plaintiff has failed to allege extraordinary circumstances.

Plaintiff's claims of unlawful arrest and detention are issues which the state courts of South Carolina are competent to determine in the course of the pending criminal proceedings. The United States Court of Appeals for the Fourth Circuit, in which this Court is located, has

directed the federal district courts to abstain from constitutional challenges which have been or could be presented in ongoing state judicial proceedings.  Cinema Blue of Charlotte, Inc., v. Gilchrist, 887 F. 2d 49, 50-53 (4th Cir. 1989).  Pre-trial detention is not a deprivation of due process, even when a defendant claims to be innocent.  See Brooks v. City of Winston-Salem, N.C., 85 F. 3d 178 (4th Cir. 1996).

If Plaintiff is ultimately convicted, despite his claims of innocence, his state remedies begin with a direct appeal.  If his direct appeal is unsuccessful, he can file an application for post-conviction relief under S.C. Code Annotated § 17-27-10 through § 17-27-160.  A PCR applicant in South Carolina may appeal a denial of relief by the Court of Common Pleas through a Petition for Writ of Certiorari to the South Carolina Supreme Court.  See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).

Only after he has exhausted these state remedies can Plaintiff challenge and collaterally attack his conviction in this Court through a petition for writ of *habeas corpus*.  See, e.g., Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975).   Finally, it is only after his conviction has been set aside by one of the above-listed procedures that Plaintiff can come into this Court seeking damages under 42 U.S.C. §1983.  This was the holding in Heck v. Humphrey, 512 U.S. 477 (1994).

In any event, even if Plaintiff at the present time had an accrued cause of action under 42 U.S.C. § 1983, he could not pursue any recover from Magistrate Michael Smith. The doctrine of judicial immunity precludes any such claim by reason of his judicial acts. *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a threshold question which requires summary dismissal. Siegert v. Gilley, 500 U.S. 226 (1991); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). If this action were to go forward, Judge Smith would remain immune from such suit.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or pro se litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## RECOMMENDATION

The Complaint fails to state a claim upon which relief may be granted in this Court. Defendants should not be required to answer. It is recommended that this action be dismissed

without prejudice and without issuance or service of process.  The Plaintiff's attention is directed

to the Notice on the following page.

                                       Respectfully Submitted,
                                         s/Thomas E. Rogers, III
                                         Thomas E. Rogers, III
                                         United States Magistrate Judge

June 12, 2006
Florence, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>& The Serious Consequences of a Failure to Do So</u>**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

6